## JOHN E. MERRILL *vs.* EBENEZER CURTIS.

If an officer be ordered in the writ to attach to a specified amount, and he attaches personal property by him valued at a greater sum, it does not necessarily follow that he acted oppressively or illegally, and a subsequent purchaser cannot set it aside for that cause, but the attaching officer, or his servant, may take the property from the possession of such purchaser whenever he might take it from the possession of the debtor.

Where, upon one day, one party bargained to sell and the other to purchase goods, but there was no delivery, nor payment of any portion of the price, nor memorandum in writing, and on the next day a bill of sale was made, and a note given for the purchase money, the sale did not become valid against third persons before the second day.

To preserve an attachment, under *st.* 1821, *c.* 60, § 34, of the description of property therein mentioned, if left in the possession of the debtor, it is not necessary to prove affirmatively that the receptor acted at the request of the debtor.

If goods are attached and receipted for to the officer, and the execution is delivered to him and he demands the goods of the receptor within thirty days of the time when the judgment was rendered, the attachment is not dissolved, nor the goods released therefrom; and the receptor may, after the expiration of the thirty days, take the goods and deliver them to the officer to be sold on the execution.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

Trespass for taking and carrying away a pair of oxen, alleged to belong to the plaintiff.

The oxen belonged to one *Severance*, who on *Nov.* 8, 1836, bargained with the plaintiff to sell them to him, but the bill of sale and the note for the price, were not made until the next day. The sale was made two miles from the place where the oxen were, and *Severance* agreed to keep them for the plaintiff for a few weeks until he should send for them. After a few weeks they were sent for by the plaintiff, and by him kept until they were taken away by the defendant.

On *Nov.* 8, 1836, the same oxen were attached by one *Givens*, a constable of *Windsor*, in which town *Severance* lived and the oxen were. Within the writ there was a direction to attach property to the value of sixty dollars, and the damage was alleged to be to that amount. The oxen and other property attached at the same time were valued by the officer in his return at seventy-four dollars. At the time of the attachment, *Severance* was from home, and at the request of his wife, the defendant gave to the officer a written receipt for the oxen, promising to keep them free of expense, and to deliver them to the officer, or his order, on demand ; Within thirty days after judgment in the action, the execution against *Severance* was delivered to *Bugbee*, a constable of *Windsor*, *Givens* not being then one, and on *April* 7, 1838, within the thirty days, *Bugbee* demanded the oxen of *Givens*, and on the same day both *Bugbee* and *Givens* demanded them of the receiptor. On *June* 12, 1838, the defendant found the oxen in the pasture of the plaintiff, drove them away, and delivered them to the officer, by whom they were sold on the execution.

The Judge instructed the jury, that *Curtis* rightfully took the oxen, and that their verdict should be for him, provided, *Curtis* receipted for them in good faith for the benefit of *Severance*, and provided *Severance* ratified the act of his wife in requesting *Curtis* to receipt for them, and also ratified the act of *Curtis* in becoming receiptor for the benefit of *Severance*.

The verdict was for the defendant, and the plaintiff filed exceptions.

*J. S. Abbott*, for the plaintiff, contended :

1. As the officer was directed to attach but to the amount of sixty dollars, and he attached to the amount of seventy-four, he

transcended his authority, and there was no valid attachment. He was a trespasser *ab initio*. 12 *Pick*. 270.

2. The sale was made on the same day of the attachment. The vendor became the agent of the purchaser for a time, and the possession of the agent is the possession of the principal, and is tantamount to a delivery. The jury should have been instructed to inquire whether the sale was prior to the attachment, and if so to find for the plaintiff.

3. The vendor, after he had sold the oxen, could not defeat the claim of the purchaser by ratifying the acts of his wife. There being no legal receipt for them, the attachment was abandoned by leaving them in possession of the debtor, and could not be restored by any act of his.

4. All the acts of the defendant were done by the defendant as receiptor, and to relieve himself from his responsibility, and not as the agent or servant of the officer. He has no such interest or title in the oxen as to justify him in taking them from the possession of the plaintiff at any time. *Ludden* v. *Leavitt*, 9 *Mass. R.* 104; *Warren* v. *Leland*, *ib*. 265.

5. The debtor had a right to sell the oxen, even after attachment, subject to the lien created by it, and the vendee would by such sale acquire a valid title to the property, whether he knew of the attachment or not, subject only to such lien; and upon the attachment being dissolved in any way, the title would become absolute in the vendee. *Bigelow* v. *Wilson*, 1 *Pick*. 485. The attachment here could not continue more than thirty days after the rendition of judgment, and the oxen not being taken within that time, the attachment was void. *Stat*. 1821, *c*. 60, § 1; *Alderman* v. *Phelps*, 15 *Mass. R.* 225; *Wheeler* v. *Fish*, 3, *Fairf*. 241; *Warren* v. *Leland*, 9 *Mass. R.* 265.

*Groton*, for the defendant, contended, that the law contemplated that there will be an attachment of personal property above the debt enough to secure the costs and expenses, and provides for a return of the surplus to the debtor. The officer cannot tell for what sum the property will sell, and must put some valuation upon it.

The case shows that the sale was not made until the day after the attachment, and it becomes wholly irrelevant to inquire what the law would be on a different state of facts.

The officer acted agreeably to law in leaving the oxen in the possession of the defendant, upon taking a receiptor therefor, and it is immaterial whether the acts of the wife, or the receiptor were ratified by the debtor. *Stat.* 1821, *c.* 60, § 34.

There are cases which show that the receiptor cannot maintain an action for the property, but there are none which forbid the receiptor from taking the property and delivering it to the officer.

It was decided in *Webster* v. *Coffin*, 14 *Mass. R.* 196, that when the execution is delivered to the officer within thirty days, he becomes responsible for the property attached, and that the receiptor is then holden to the officer on demand made within any reasonable subsequent period. Here the execution was delivered and the property demanded within thirty days after judgment.

The attachment might have been dissolved under the laws of *Massachusetts* by leaving it in the possession of the debtor, but by the peculiar provisions of our *stat.* 1821, *c.* 60, § 34, this description of property may be left with the debtor, and the attachment remain good against any subsequent sale by the debtor without notice. *Woodman* v. *Trafton*, 7 *Greenl.* 178. The cases cited for the plaintiff are very good law, where they are pertinent, but they have no application to the present case.

The opinion of the Court was drawn up by

Shepley J. — The officer was directed in the writ to attach property to the amount of sixty dollars, and he returned an attachment of personal property estimated by him to be of the value of seventy-four dollars ; and it is alleged that in so doing he acted illegally, and that the attachment is void. At the time of making the attachment the officer might be ignorant whether the property would not be chargeable with the expense of keeping ; and if receipted for the value of it might be diminished by depreciation or destroyed by disease. If the officer acted oppressively he might be liable to an action by the party injured, but third persons could not interpose and claim to set aside the attachment. It does not necessarily follow, that the officer acted oppressively or illegally because he attached property estimated by him to be of greater value than the amount required to be attached.

The sale to the plaintiff was not completed between the parties

to it until the ninth of *November*. There was no delivery, nor payment of earnest money, nor any portion of the price, nor was there any memorandum in writing. The attachment was therefore prior to the sale, and the plaintiff could acquire no right, which would not leave the property subject to the attachment and liable to be taken from his possession by the officer or his servant, whenever it might have been so taken from the possession of the debtor. The defendant in taking the property may be regarded as acting in any capacity in which he was legally entitled to act. It does not appear, that his acts in becoming responsible for the safe keeping and delivery of the property were not approved by the debtor before the sale to the plaintiff.

It is contended that the attachment was dissolved by the neglect of the officer to seize the property within thirty days after judgment. The case finds that within the thirty days the execution was delivered to an officer, that he demanded the property of the officer making the attachment, and that they both demanded it of the receiptor. These proceedings preserved the rights of the creditor, and left the attaching officer responsible to him, and the defendant responsible to the officer. To determine that the attachment was under such circumstances dissolved, would be to hold the receiptor liable to the officer and yet deprive him of the power of reclaiming the property from the debtor, for whom he had become surety, unless he could do it within the thirty days. And his own and the attaching officer's liability might not have become fixed until the last of the thirty days. The case of *Wheeler* v. *Fish*, 3 *Fairf.* 241, decides only that the attachment was dissolved by the neglect of the officer until after the expiration of the thirty days to seize the property attached, in a case where it does not appear, that any receipt for the property was taken or that any act was done by the officer to preserve the attachment.

*Exceptions overruled.*